UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| BRIGITTE STELZER,<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>LEAD STORIES, LLC<br><br>　　　　　Defendant. | Docket No. 1:19-cv-473<br><br>**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES** |

　　Defendant, Lead Stories, LLC, ("Defendant") by and through their undersigned counsel, Sanders Law Firm, as and for their Answer to the Complaint filed by Plaintiff, Brigitte Stelzer ("Plaintiff") on March 12, 2019, state as follows:

### AS AND FOR AN ANSWER TO "NATURE OF THE ACTION"

　　1.　　Paragraph "1" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

### AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

　　2.　　Paragraph "2" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "2" of the Complaint.

　　3.　　Defendant admits it does business in Colorado and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph "3" of the Complaint.

　　4.　　Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "4" of the Complaint and refers questions of law to the Court.

1

## AS AND FOR AN ANSWER TO "PARTIES"

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "5" of the Complaint.

6. Defendant admits the allegations contained in Paragraph "6" of the Complaint.

## AS AND FOR AN ANSWER TO "STATEMENT OF FACTS"

### A. Background and Plaintiff's Ownership of the Photograph

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "7" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "8" of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "10" of the Complaint

### B. Defendant's Infringing Activities

11. Defendant denies each and every allegation contained in Paragraph "11" of the Complaint.  Defendant affirmatively states that Exhibit C was not filed, nor was Exhibit C served. As such, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "11" of the Complaint and must deny Exhibit C is a true and accurate copy of anything.

12. Defendant admits that it did not license the photographs and denies all other allegations in Paragraph "12" of the Complaint.

## AS AND FOR AN ANSWER TO "FIRST CLAIM FOR RELIEF (COPYRIGHT INFRINGEMENT AGAINST LEAD STORIES)

## (17 U.S.C. §§ 106, 501)"

13. Defendant repeats and realleges the responses to Paragraphs "1" through "12" above as if fully set forth herein in response to Paragraph "13" of the Complaint.

14. Paragraph "14" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

15. Paragraph "15" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

16. Paragraph "16" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

17. Paragraph "17" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever whether based in law or equity.

18. Paragraph "18" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever whether based in law or equity.

19. Paragraph "19" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever whether based in law or equity.

## AS AND FOR AN ANSWER TO "SECOND CLAIM FOR RELIEF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST LEAD STORIES

## (17 U.S.C. § 1202)"

20.     Defendant repeats and realleges the responses to Paragraphs "1" through "19" above as if fully set forth herein in response to Paragraph "20" of the Complaint.

21.     Defendant denies all allegations in Paragraph "21" of the Complaint.

22.     Defendant denies all allegations in Paragraph "22" of the Complaint.  Defendant affirmatively states that all information contained in the thumbnail shared by Lead was provided by the New York Post, was managed by the New York Post, and the meta data for such sharing was created by the New York Post.

23.     Paragraph "23" of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same.

24.     Paragraph "24" of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same.

25.     Paragraph "25" of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same.

26.     Paragraph "26" of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever whether based in law or equity.

27.     Paragraph "27" of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever whether based in law or equity.

The "Prayer for Relief" immediately following Paragraph "27" of the Complaint state requests for relief to which no responsive pleading is required.  To the extent a response is

required, Defendant denies that Plaintiff is entitled to any relief whatsoever, whether based in law or equity.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to join all persons and/or entities necessary for the just adjudication of this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred and/or precluded, in whole or in part by the applicable statute of limitations, including, but not limited to, the statute of limitations set forth in 17 U.S.C. § 507(b).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for copyright infringement are barred because Plaintiff's alleged copyright is not valid or enforceable, including, without limitation, that it is not registered with the United States Copyright Office, fails to comply with the applicable Copyright Act requirements, and/or the alleged works in which Plaintiff claims a copyright are in the public domain.

## FIFTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's claim for removal of copyright management information, any such removal or alteration was not done intentionally and knowingly and/or was not undertaken in support of any infringement of the photographs at issue.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, is barred, in whole or in part, by Defendant's lack of requisite scienter.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, is barred, in whole or in part, by the absence of copyright management information from the works allegedly used by the Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's losses, if any, are limited to actual damages.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks injunctive relief, said request for relief is barred by the lack of any irreparable harm from Defendant's alleged conduct.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks injunctive relief, said request for relief is barred because Plaintiff has an adequate remedy at law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of fair use.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Server Test.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any harm alleged to have been suffered by Plaintiff is the result of acts or omissions on the part of persons over which Defendant has no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

If it is found that Defendant infringed on Plaintiff's copyright, which Defendant expressly denies, Defendant asserts that it was not aware and had no reason to believe that its acts constituted an infringement of copyright. Plaintiff's statutory damages, if applicable, should be limited by application of the innocent infringer defense under 17 U.S.C. § 504(c)(2).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's alleged use of the photographs was *de minimis*.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by an express or implied license.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of copyright misuse.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel, and/or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTYITH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering, in whole or in part, by virtue of his failure to mitigate his alleged damages (which alleged damages are expressly denied).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the Statute of Frauds and/or parol evidence rule.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited to the extent that Plaintiff is seeking to recover costs or damages that are unreasonable, duplicative, or inappropriate.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring an action against Defendant.

### TWENTY-FIFTH AFIRMATIVE RESPONSE

Plaintiff's Complaint is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendant demands judgment as follows:

(a)   dismissing the Plaintiff's Complaint with prejudice;

(b)   awarding Defendant costs and disbursements of this action, including attorneys' fees; and

(c)   for such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Dated: Colorado Springs, Colorado
March 12, 2019

        Respectfully submitted,
        SANDERS LAW FIRM
        *Attorneys for Defendant Lead Stories, LLC.*

By:    /s/ Justin T. Bailey
       Justin T. Bailey Esq.
       31 N. Tejon St., Ste 400
       Colorado Springs, Colorado 80903
       (719) 630-1556
       (719) 630-7004 (facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of March 2019, I electronically filed the foregoing *ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES* with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all parties of record.

       /s/ Justin T. Bailey
       Justin T. Bailey