UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| BRIGITTE STELZER,<br><br>             Plaintiff,<br><br>     -against-<br><br>LEAD STORIES, LLC<br><br>             Defendant. | Docket No.  1:19-cv-473<br><br>**[PROPOSED] SCHEDULING ORDER** |

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning conference in this matter is scheduled to occur on May 13, 2019, at 9:00 a.m. in Courtroom 101, 212 N. Wahsatch Avenue, Colorado Springs, CO.

**Appearing for Plaintiff, Brigitte Stelzer. ("Plaintiff"):**

Richard Liebowitz, Atty. Reg. No.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Phone: 516-233-1660
Facsimile: 516-612-2740
Email:  RL@LiebowitzLawFirm.com

**Appearing for Defendant Lead Stories. ("Defendant"):**

Justin T. Bailey, Atty. Reg. No. 44590
Sanders Law Firm, LLC
31 North Tejon St., Suite 400
Colorado Springs, CO 80903
Phone: 719-630-1556
Facsimile: 719-630-7004
Email:  Justin@PerrySandersLaw.com

1

## 2. STATEMENT OF JURISDICTION

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action is brought under the Copyright Act, 17 U.S.C. § 101 et seq., and only raises claims under federal law.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff Brigitte Stelzer:**

b. **Defendant Lead Stories:** Defendant asserts that the present action amounts to nothing more than a troll/tester suit that lacks even the most minuscule factual bases necessary to support the claims alleged by Plaintiff. Indeed, Plaintiff's counsel has been labelled a copyright "troll" *McDermott v. Monday Monday, LLC*, 17cv9230(DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018), and has been sanctioned for similar suits brought without merit. *Steeger v. JMS Cleaning Services LLC*, 1:17-cv-08013(DLC)(S.D.N.Y. Feb. 28, 2018). This action is no different than the *McDermott* and *Steeger* actions.

Here, Defendant shared a link to a story hosted by the New York Post. The sharing of the link utilized metadata provided by The New York Post, which included the thumbnail photograph to which Plaintiff asserts a right. The New York post published the image in question pursuant to a license to do so and included said image in their metadata. This is important because anyone that shares the link on any social media source can only do so if the "card" includes the photograph, article title, and a brief snippet of the article. Anyone clicking on the shared link are redirected back to the New York Post. Furthermore, The New York Post maintains all rights to the image and all

control over the meta data which connects the image to the story and the corresponding share card.  If the image were removed from the metadata by The New York Post, the image would be removed from the share card and would not be shared by Plaintiff or others similarly situated.  As such, the Server Test as outlined by *Perfect 10 v. Amazon,* which has been adopted by the 10th circuit and requires the infringing image to be stored on the Defendants server for there to be a copyright violation, can not be established by Plaintiff.

Here, the image was hosted on The New York Post, not Lead Stories and/or Trendolizer and is therefore not a violative use.  As such, Plaintiff has failed to state a claim upon which relief can be granted and has arguably filed a vexatious and sanctionable claim.

### 4.  STIPULATION OF FACTS

The following facts are undisputed:

1. Lead Stories did not license the photograph referenced in the Complaint.

### 5.  SUMMARY OF DAMAGES CLAIMED

**Plaintiff Brigitte Stelzer:** Not available.

**Defendant Lead Stories:** Defendant asserts that Plaintiff's claims are wholly without merit and are otherwise vexatious.  As such, Defendant asserts that damages to Defendant will be the sum expended in Defending this baseless litigation.  Plaintiff has suffered no loss and is entitled to no compensation as the image was used pursuant to license by The New York Post and Lead Stories cannot be deemed a vicarious infringer.

3

### 6.  REPORT OF MEETING UNDER FED.R.CIV.P. 26(f)

**a.**     **Date of Rule 26(f) meeting:**  Counsel for Defendant entered and filed their Answer to Plaintiff's Complaint on March 20, 2019. To date, Defendant's counsel has not heard from Plaintiff's counsel to discuss the case.

**b.**     **Names of each participant and party he/she represented.**

N/A.

**c.**     There are no identified disputes concerning disclosures at the time this document was filed.

**d.**     The parties do not anticipate that the claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**e.**     The parties agree to preserve and produce any electronically stored information.

**f.**     At the time this document was filed there was no need for any agreements between the parties asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

### 7. Discovery Limitations

**a.** At this time, the parties do not propose modifications to the limits on written interrogatories or requests for admission as provided in the Rules. Plaintiff proposes that the limit on depositions under C.R.C.P. 26(b)(2)(A) be modified to allow each "side" to: (I) conduct a deposition of each adverse party and two

4

additional witnesses, in depositions not to exceed one day of 7 hours each; and (2) conduct depositions of four other persons not including experts, in depositions not to exceed 4 hours each.

b. Discovery shall be conducted within the timelines as set forth in the Federal Rules of Civil Procedure. Should any discovery dispute arise, the moving party shall follow the procedures outlined in the Courts Practice Standards before they file a motion with the Court to set any dispute for hearing.

## 8. CASE PLAN AND SCHEDULE

a. The filing of amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.

b. Discovery Cut-Off: 30 days prior to the date of trial

c. Dispositive Motion Deadline: the 30th day after Discover Cut-off.

d. Expert Witness Disclosures:

   i. State anticipated fields of opinion testimony under FRE 702, if any.

   None at this time.

   ii. State any limitations proposed on the use or number of opinion witnesses.

   None at this time.

   iii. The party bearing the burden of persuasion on the issues for which opinion is to be offered under FRE 702 shall designate the witness and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before 90 days prior to the start of trial.

5

      iv. The parties shall designate all contradicting opinion witnesses and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 60 days prior to the start of trial.

      v. Any rebuttal opinions will be exchanged on or before 30 days prior to the start of trial.

**e.** Deposition Schedule:

(1). List the names and addresses of persons each party expects to depose under Rule 30.

    i) Any witness necessary for rebuttal or impeachment.

    ii) Any expert witness identified.

    iii) Any witness from the NY Post responsible for the "share card" and/or metadata associated with the image at issue.

    iv) Any person necessary to lay foundation or authenticate documents.

(2). List the names and addresses of persons each party expects to depose by written interrogatories under Rule 31.

    (i) Any witness necessary for rebuttal or impeachment.

    ii) Any expert witness identified.

    iII) Any person necessary to lay foundation or authenticate documents.

(3). State any disputes regarding the number of depositions and length of depositions.

At the time of this filing there are no disputes regarding the number of depositions and length of depositions.

(4).   State any limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

At the time of this filing there are no disputes regarding the number of depositions and length of depositions.

**f.**   Schedule for written interrogatories and responses.

Written interrogatories shall be served no later than 33 days prior to the discovery cut-off date if served by mail and 30 days prior to the discovery cut-off date if served by hand or by e-mail**.**  Responses shall be served pursuant to the Federal Rules of Civil Procedure.

**g.**   Schedule for Request for Production under Rule 34.

All Requests for production of documents and/or Admissions shall be served no later than 33 days prior to the discovery cut-off date if served by mail and 30 days prior to the discovery cut-off date if served by hand or by e-mail**.** Responses shall be served pursuant to the Federal Rules of Civil Procedure.

**h.**   Schedule for Requests for Admissions under Rule 36.

All Requests for production of documents and/or Admissions shall be served no later than 33 days prior to the discovery cut-off date if served by mail and 30 days prior to the discovery cut-off date if served by hand or by e-mail**.** Responses shall be served pursuant to the Federal Rules of Civil Procedure.

**i.**   Other Planning or Discovery Orders:

None.

## 9. SCHEDULING ISSUES

At the time of this filing there are no discovery or scheduling issues. At this time, Counsel for Plaintiff has not conferred with Counsel for Defendant.

## 10. TRIAL DATE AND LENGTH OF TRIAL WILL BE SET AT THE PRE-TRIAL CONFERENCE TO BE SCHEDULED AFTER COMPLETION OF DISCOVERY.

**a.     Anticipated length of trial and whether trial is to the court or jury.**

The trial of this matter will be to a jury and the parties anticipate that it may take three (3) days to complete the trial.

**b.     Identify pretrial proceedings**, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado. None.

## 11. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 6th day of May, 2019.

BY THE COURT:

_____
United States Magistrate Judge

8

Attorneys for DEFENDANT:

/s/ *Justin T. Bailey*_____
Justin T. Bailey
Sanders Law Firm, LLC
31 North Tejon St.
Suite 400
Colorado Springs, CO 80903
Phone: 719-630-1556
Facsimile: 719-630-7004
Email:  Justin@PerrySandersLaw.com

Case No. 1:19-cv-00473-PAB-KMT   Document 10   filed 05/06/19   USDC Colorado
pg 9 of 9