IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-473

BRIGITTE STELZER,

        Plaintiff,

-against-

LEAD STORIES, LLC

        Defendant.

## DEFENDANTS [PROPOSED] SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning conference in this matter is scheduled to occur on June 5, 2019, at 10:40 a.m. in Courtroom 101, 212 N. Wahsatch Avenue, Colorado Springs, CO.

**Appearing for Plaintiff, Brigitte Stelzer. ("Plaintiff"):**

Richard Liebowitz, Atty. Reg. No.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Phone: 516-233-1660
Facsimile: 516-612-2740
Email: RL@LiebowitzLawFirm.com

**Appearing for Defendant Lead Stories. ("Defendant"):**

Justin T. Bailey, Atty. Reg. No. 44590

1

Sanders Law Firm, LLC
31 North Tejon St., Suite 400
Colorado Springs, CO 80903
Phone: 719-630-1556
Facsimile: 719-630-7004
Email:  Justin@PerrySandersLaw.com

## 2. STATEMENT OF JURISDICTION

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest.  Plaintiff Brigitte Stelzer is a professional photographer having a usual place of business at 22-39-74th Street, East Elmhurst, NY 11370. Defendant Lead Stories is a domestic limited liability company duly organized and existing under the laws of the State of Colorado, with a place of business at 31 N. Tejon Street, Suite 405, Colorado Springs, CO 80903.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Defendant asserts that the present action amounts to nothing more than a troll/tester suit that lacks even the most minuscule factual bases necessary to support the claims alleged by Plaintiff.  Indeed, Plaintiff's counsel has been labelled a copyright "troll" *McDermott v. Monday Monday, LLC*, 17cv9230(DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018), and has been sanctioned for similar suits brought without merit. *Steeger v. JMS Cleaning Services LLC*, 1:17-cv-08013(DLC)(S.D.N.Y. Feb. 28, 2018). This action is no different than the *McDermott* and *Steeger* actions.

Here, Defendant shared a link to a story hosted by the New York Post.  The sharing of the link utilized metadata provided by The New York Post, which included the thumbnail photograph to which Plaintiff asserts a right.  The New York post published the image in

2

question pursuant to a license to do so and included said image in their metadata. This is important because anyone that shares the link on any social media source can only do so if the "card" includes the photograph, article title, and a brief snippet of the article. Anyone clicking on the shared link are redirected back to the New York Post. Furthermore, The New York Post maintains all rights to the image and all control over the meta data which connects the image to the story and the corresponding share card. If the image were removed from the metadata by The New York Post, the image would be removed from the share card and would not be shared by Plaintiff or others similarly situated.

This is important to note because the Server Test as outlined by *Perfect 10 v. Amazon* has been adopted by the 10th circuit and requires the infringing image to be stored on the Defendants server for there to be a copyright violation. In that case, it was held that as part of its routine operations, Google crawled, indexed, and cached the third-party websites. When users searched for images on Google, they could see thumbnail copies of the infringing images. Upon clicking the image, users would see an embedded, full-sized version of the image along with the URL of the site from which the image originated. Google did store a copy of the low-resolution image for the thumbnail, but it did not store or transmit the full-sized images. Ultimately, the issue of whether embedding an image constituted infringement turned on whether the image was hosted on the publisher's own server (infringement) or a third-party server (not infringement). Here, the image was hosted on The New York Post, not Lead Stories and/or Trendolizer and is

therefore not a violative use. As such, Plaintiff has failed to state a claim upon which relief can be granted and has arguably filed a vexatious and sanctionable claim.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Lead Stories did not license the photograph referenced in the Complaint.

## 5. SUMMARY OF DAMAGES CLAIMED

Defendant asserts that Plaintiff's claims are wholly without merit and are otherwise vexatious. As such, Defendant asserts that damages to Defendant will be the sum expended in Defendant this baseless litigation. Plaintiff has suffered no loss and is entitled to no compensation as the image was used pursuant to license by The New York Post and Lead Stories cannot be deemed a vicarious infringer.

## 6. REPORT OF MEETING UNDER FED.R.CIV.P. 26(f)

a. **Date of Rule 26(f) meeting:** The Rule 26(f) meeting occurred on May 14th, 2019. Following the meeting, counsel for Defendant sent the Proposed Scheduling Order to Plaintiff's counsel, highlighting Plaintiff specific portions for their edits. As of close of business MDT on May 29, 2019, no response from Plaintiff has been received.

b. **Names of each participant and party he/she represented.**

**Appearing for Plaintiff, Brigitte Stelzer. ("Plaintiff"):**

Richard Liebowitz, Atty. Reg. No.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Phone: 516-233-1660
Facsimile: 516-612-2740

4

Email: RL@LiebowitzLawFirm.com

**Appearing for Defendant Lead Stories. ("Defendant"):**

Justin T. Bailey, Atty. Reg. No. 44590
Sanders Law Firm, LLC
31 North Tejon St., Suite 400
Colorado Springs, CO 80903
Phone: 719-630-1556
Facsimile: 719-630-7004
Email:   Justin@PerrySandersLaw.com

**c.** There are no identified disputes concerning disclosures at the time this document was filed.

**d.** The parties do not anticipate that the claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**e.** The parties agree to preserve and produce any electronically stored information.

**f.** At the time this document was filed there was no need for any agreements between the parties asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

### 7. Discovery Limitations

**a.** At this time, the parties do not propose modifications to the limits on written interrogatories or requests for admission as provided in the Rules. Defendant proposes that the limit on depositions under F.R.C.P. 26(b)(2) be modified to

5

allow each "side" to conduct a deposition of each adverse party and two additional witnesses, in depositions not to exceed one day of 7 hours each.

**b.** Discovery shall be conducted within the timelines as set forth in the Federal Rules of Civil Procedure. Should any discovery dispute arise, the moving party shall follow the procedures outlined in the Courts Practice Standards before they file a motion with the Court to set any dispute for hearing.

### 8. CASE PLAN AND SCHEDULE

**a.** The filing of amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.

**b.** Discovery Cut-Off: 30 days prior to the date of trial.

**c.** Dispositive Motion Deadline: the 30th day after Discover Cut-off.

**d.** Expert Witness Disclosures:

  i. State anticipated fields of opinion testimony under FRE 702, if any.

   None at this time.

  ii. State any limitations proposed on the use or number of opinion witnesses.

   None at this time.

  iii. The party bearing the burden of persuasion on the issues for which opinion is to be offered under FRE 702 shall designate the witness and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before 90 days prior to the start of trial.

      iv. The parties shall designate all contradicting opinion witnesses and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 60 days prior to the start of trial.

      v. Any rebuttal opinions will be exchanged on or before 30 days prior to the start of trial.

**e.** Deposition Schedule:

(1). List the names and addresses of persons each party expects to depose under Rule 30.

    i) Any witness necessary for rebuttal or impeachment.

    ii) Any expert witness identified.

    iv) Any person necessary to lay foundation or authenticate documents.

(2). List the names and addresses of persons each party expects to depose by written interrogatories under Rule 31.

    (i) Any witness necessary for rebuttal or impeachment.

    ii) Any expert witness identified.

    iv) Any person necessary to lay foundation or authenticate documents.

(3). State any disputes regarding the number of depositions and length of depositions.

At the time of this filing there are no disputes regarding the number of depositions and length of depositions.

(4). State any limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

At the time of this filing there are no disputes regarding the number of depositions and length of depositions.

**f.** Schedule for written interrogatories and responses.

Written interrogatories shall be served no later than 33 days prior to the discovery cut-off date if served by mail and 30 days prior to the discovery cut-off date if served by hand or by e-mail**.** Responses shall be served pursuant to the Federal Rules of Civil Procedure.

**g.** Schedule for Request for Production under Rule 34.

All Requests for production of documents and/or Admissions shall be served no later than 33 days prior to the discovery cut-off date if served by mail and 30 days prior to the discovery cut-off date if served by hand or by e-mail**.** Responses shall be served pursuant to the Federal Rules of Civil Procedure.

**h.** Schedule for Requests for Admissions under Rule 36.

All Requests for production of documents and/or Admissions shall be served no later than 33 days prior to the discovery cut-off date if served by mail and 30 days prior to the discovery cut-off date if served by hand or by e-mail**.** Responses shall be served pursuant to the Federal Rules of Civil Procedure.

**i.** Other Planning or Discovery Orders:

None.

## 9. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 10. SCHEDULING ISSUES

At the time of this filing there are no discovery or scheduling issues.

## 11. TRIAL DATE AND LENGTH OF TRIAL WILL BE SET AT THE PRE-TRIAL CONFERENCE TO BE SCHEDULED AFTER COMPLETION OF DISCOVERY.

**a.      Anticipated length of trial and whether trial is to the court or jury.**

The trial of this matter will be to a jury and the parties anticipate that it may take three (3) days to complete the trial.

**b.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.** Defendant Lead Stories is based out of Colorado Springs so any proceedings which may be conducted in Colorado Springs will provide greater efficiency.

9

## 11. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at _____, Colorado, this \_\_\_\_ day of June 2019.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED AS TO FORM:

Attorneys for DEFENDANT:

*/s/ Justin T. Bailey*_____
Justin T. Bailey
Sanders Law Firm
31 North Tejon St.
Suite 400
Colorado Springs, CO 80903
Phone: 719-630-1556
Facsimile: 719-630-7004
Email:  Justin@PerrySandersLaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2019, I electronically filed the foregoing DEFENDANT'S PROPOSED SCHEDULING ORDER with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all parties of record.

/s/ Justin T. Bailey
Justin T. Bailey