IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19–cv–00473–PAB–KMT

BRIGITTE STELZER,

    Plaintiff,

v.

LEAD STORIES LLC,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Plaintiff's failure to participate in the prosecution of her case. This an action, filed on February 17, 2019, is for copyright infringement under Section 501 of the Copyright Act wherein Plaintiff claims that Defendant unlawfully reproduced and publicly displayed a copyrighted photograph of Eva Moskowitz and Moctar Fall, which photograph was owned and registered by Plaintiff Stelzer, a professional photographer. [Doc. No. 1.] Defendant filed its Answer on March 12, 2019. [Doc. No. 7.] This court set a Scheduling conference for May 13, 2019 at 9:00 a.m. requiring that a proposed scheduling order be filed on or before May 6, 2019. [Doc. No. 8.]

On May 6, 2019, Defendant alone filed it "Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction" advising the court the defendant consented to Magistrate Judge jurisdiction but that "[t]o date Plaintiff, Brigitte Stelzer, by and through counsel

has not conferred with Defendant on this case." [Doc. No. 9.] On the same day, the Defendant filed its proposed scheduling order [Doc. No. 10], which contained no sections completed by Plaintiff again stating, "[t]o date, Defendant's counsel has not heard from Plaintiff's counsel to discuss the case." (*Id.* at 4.)

The court heard from Plaintiff's counsel, Mr. Liebowitz, on May 7, 2019, when he asked to appear at the scheduling conference by telephone. [Doc. No. 13.] This court granted the motion, but on the time and date scheduled, Mr. Liebowitz failed to call in for the hearing. [Doc. No. 15, 16.] The court clerk called Mr. Liebowitz at his office and on his cellular telephones to no avail. The court read into the record and included in the minutes the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992))[1], including that dismissal of the case with prejudice was a possibility if the Plaintiff kept failing to participate in the discovery phase of the case and failed to appear for scheduled court hearings and that "[f]urther failures in this case could result in a recommendation to the District Court that the case be dismissed." [Doc. No. 16 at 1.] Nevertheless, the court set a continued scheduling conference on June 5, 2019 to give Plaintiff and her counsel an opportunity to rectify their behavior. The court required that

> Plaintiff's counsel will contact counsel for Defendant on or before Wednesday May 15, 2019 to participate in the drafting of an amended proposed scheduling order. The proposed scheduling conference order shall be filed on or before May 29, 2019.

---

[1] A district court must ordinarily consider the following "*Ehrenhaus*" factors in determining whether a dismissal under Federal Rule of Procedure 41(b) is appropriate: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir.2002) (citing *Ehrenhaus v. Reynolds*, 965 F.2d at 921)).

*Id.* at 2.

Once again Defendant alone was forced to file a proposed scheduling order without input from Plaintiff or Plaintiff's counsel, stating, "The Rule 26(f) meeting occurred on May 14th, 2019.  Following the meeting, counsel for Defendant sent the Proposed Scheduling Order to Plaintiff's counsel, highlighting Plaintiff['s] specific portions for [her] edits.  As of close of business MDT on May 29, 2019, no response from Plaintiff has been received." [Doc. No. 17 at 4.]  Thereafter this court vacated the June 5, 2019 hearing.

As part of the proposed scheduling order Defendant stated,

> Defendant asserts that the present action amounts to nothing more than a troll/tester suit that lacks even the most minuscule factual bases necessary to support the claims alleged by Plaintiff.  Indeed, Plaintiff's counsel has been labelled a copyright "troll" *McDermott v. Monday Monday, LLC*, 17cv9230(DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018), and has been sanctioned for similar suits brought without merit.  *Steeger v. JMS Cleaning Services LLC*, 1:17-cv-08013(DLC) (S.D.N.Y. Feb. 28, 2018).  This action is no different than the *McDermott* and *Steeger* actions.

*Id*.  Plaintiff has not contacted the court or responded to the allegations in any way.

Federal Rule of Civil Procedure 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference.  Additionally, Rule 41(b) permits a court to court to dismiss a case for failure to prosecute.  The Plaintiff has defied two court orders concerning scheduling the case and failed to appear for the conference on May 13, 2019.  Additionally Rules 37(b)(2) and (f) permit the court to dismiss an action when a party fails to obey an order to provide or permit discovery.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

In addressing the *Ehrenhaus* factors here, even at this early stage there has been a great deal of actual prejudice to the Defendant, who has paid its attorney to file two proposed scheduling orders, to make repeated efforts to contact and confer with opposing counsel, and who has been left with no scheduling in a case that is already is four months old. This factor merits significant weight. The judicial process has been significantly disrupted, causing the court to issue multiple orders, make unnecessary calls and to repeatedly address the Plaintiff's failure to appear for court or participate in court mandated processes. Plaintiff and her counsel have disrespected the Court's authority, increased the Court's workload, and generally interfered with the administration of justice. *See Steckel v. Doe*, No. 08–cv–01652–LTB–CBS, 2009 WL 1174479, at *2 (D. Colo. Apr. 29, 2009) ("Judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action."). This factor thus merits great weight as well. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 198 F. Supp. 3d 1239, 1246 (D. Colo. 2016).

Regarding the third factor, there simply is no excuse for not calling in or attending court appearances, especially after asking for the court's permission to appear by telephone and being granted that privilege, or in fulfilling your responsibilities in such a routine way as to fill out your part of an already largely completed scheduling order. At the May 13, 2019 hearing the court warned Plaintiff via the CM/ECF system and the court minutes that failure to participate in prosecuting the case could lead to dismissal with prejudice of the claims in the case. The court has given thought to the efficacy of lesser sanctions and has determined that only dismissal will serve the "principal purpose of punitive sanctions [which] is deterrence," especially in a case

such as this where the non-appearing Plaintiff's counsel has filed multiple cases under similar circumstances and where it appears that the generation of attorney fees and/or a "hold up" settlement may be taking precedence over justice. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015). There appears to be no other sanction or remedy that would cure the fact that Plaintiff's New York counsel simply will not obey the orders of the court and participate in prosecuting the case.

**WHEREFORE**, for the foregoing reasons, I respectfully

**RECOMMEND** that this action be dismissed with prejudice for failure to comply with the Federal Rules of Civil Procedure and this court's orders.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

5

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of June, 2019.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge