UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| BRIGITTE STELZER,<br><br>                         Plaintiff,<br><br>- against -<br><br>LEAD STORIES LLC<br><br>                         Defendant. | Case No. 19-cv-00473 (PAB-KMT)<br><br>**DECLARATION OF<br>RICHARD LIEBOWITZ** |

**RICHARD P. LIEBOWITZ**, under the penalty of perjury, declares:

      1.     I am an attorney with Liebowitz Law Firm, PLLC (the "Firm"), where I am the founder and managing attorney.

      2.     I am over the age of 18 years old, competent to testify and a member in good standing of the New York State Bar. I am admitted to practice before this Court and serve as lead counsel for plaintiff Brigitte Stelzer ("Plaintiff")

      3.     I submit this declaration pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure to object to the recommendation of Magistrate Judge Kathleen M. Tafoya to dismiss this action with prejudice on grounds of technical or administrative errors.

      4.     Plaintiff respectfully submits that the District Court should permit this case to proceed on the merits. As a matter of well-established jurisprudence, the "court should decide a controversy on its merits whenever possible." *Frutiger v. Hamilton Cent. Sch. Dist.*, No. 90-CV-303, 1993 WL 358480, at *5 (N.D.N.Y. Sept. 9, 1993), *dismissed sub nom. Frutiger v. Hamilton Cent.*, 28 F.3d 102 (2d Cir. 1994). Indeed, "there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds." *Camp v. Colvin*, No. 14-CV-6143T, 2014 WL 6474630, at *2 (W.D.N.Y. Nov. 19, 2014); *see also Eitel v.*

*McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."); *Gonzalez v. City of New York*, 104 F. Supp. 2d 193, 195 (S.D.N.Y. 2000) ("it is the preference in this Circuit to decide cases on the merits rather than by default"); *Fappiano v. MacBeth*, No. 309-CV-00043CSH, 2010 WL 1839946, at *2 (D. Conn. May 7, 2010) (noting "the well-established preference for resolving cases on their merits").

5. Here, the Hon. Magistrate Judge Tafoya has determined that Plaintiff did not participate in a proposed scheduling order and did not appear for a scheduled telephonic conference. However, this was due to administrative oversight, which should not be grounds to dismiss case.

6. A Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted). As demonstrated below, all of these factors weigh against Rule 41(b) dismissal.

7. First, any deadlines missed were a result of administrative error and were short in duration. Accordingly, this factor weighs against dismissal.

8. Second, Plaintiff has repeatedly engaged with the Court and defense counsel and has not constructively abandoned the case. Further, prior to the Magistrate Judge's

2

recommendation [Dkt. #19], Plaintiff never received warning that the case would be subject to dismissal for failure to prosecute.

9. Third, Defendant will not suffer any prejudice if the Court permits this case to proceed on the merits as the parties are already before the Court and Plaintiff's claims are meritorious.

10. Finally, Plaintiff has asserted a meritorious copyright infringement claim that should be decided on the merits rather than dismissed on grounds of administrative errors. Accordingly, because courts prefer that cases be decided on the merits "whenever reasonably possible", the Court should permit the case to proceed on the merits to safeguard Plaintiff's right to due process and a fair chance to be heard.

11. Finally, lesser sanctions have not been considered, nor are they warranted. Plaintiff missed two deadlines over a brief duration as a result of administrative errors. Such errors are not grounds for sanctions against attorneys. *See In re Sutter*, 543 F.2d 1030, 1035 (2d Cir. 1976) ("we agree that attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment") (internal quotations omitted). Nor should Plaintiff have her meritorious case dismissed with prejudice as a result of such administrative errors.

12. As none of the factors prescribed weigh in favor of Rule 41(b) dismissal, Plaintiff respectfully requests that the Court permit this case to proceed on the merits.

Dated: Valley Stream, New York
Executed this 25th Day of June, 2019

/s/richardliebowitz/
_____
**RICHARD LIEBOWITZ**