IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00473-PAB-KMT

BRIGITTE STELZER,

    Plaintiff,

v.

LEAD STORIES LLC,

    Defendant.

---

# ORDER

---

This matter is before the Court on plaintiff's Declaration of Richard Liebowitz [Docket No. 20] filed on June 25, 2019. The Court construes this declaration as an objection to the Recommendation of United States Magistrate Judge [Docket No. 19] entered on June 11, 2019. Magistrate Judge Kathleen M. Tafoya recommends that the Court dismiss this action with prejudice due to plaintiff's failure to comply with the Federal Rules of Civil Procedure and the magistrate judge's orders. Docket No. 19 at 5.

## I. BACKGROUND

The relevant background facts of this case are recited in the magistrate judge's recommendation and will not be repeated here. *See* Docket No. 19 at 1-3. On April 5, 2019, the magistrate judge set a scheduling conference for May 13, 2019. Docket No. 8. The magistrate judge ordered the parties to file a proposed scheduling order, along with the magistrate judge consent form, on or before May 6, 2019. *Id.* at 2. On May 6,

defendant filed a proposed scheduling order, stating that, at the time of the filing, "Counsel for Plaintiff ha[d] not conferred with Counsel for Defendant." Docket No. 10. at 8. Defendant also filed a notice of consent to the magistrate judge's jurisdiction, Docket No. 9, in which it again stated that plaintiff's counsel had not yet conferred with defendant. Docket No. 9 at 1.

The next day, on May 7, 2019, plaintiff's counsel moved for leave to appear by telephone at the May 13 scheduling conference. Docket No. 13. The magistrate judge granted the motion and provided plaintiff's counsel with instructions for attending the conference by telephone. Docket No. 15.

On May 13, plaintiff's counsel did not appear at the scheduling conference by telephone or in person. Docket No. 16 at 1. Telephone calls to plaintiff's counsel's law office and cell phone in an attempt to reach counsel were unsuccessful. *Id.* The magistrate judge reset the scheduling conference for June 5, 2019, and ordered plaintiff's counsel to appear in person. *Id.* at 2. The magistrate judge read into the record the factors for entering sanctions against a party set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and noted that many of the factors were met in this case. Docket No. 16 at 1. She further stated that "[c]ounsel is therefore warned that dismissal of the case with prejudice is a possibility for failure to participate in the case. Further failures in this case could result in a recommendation to the District Court that the case be dismissed." *Id.*

Plaintiff's counsel was also ordered to contact defense counsel by May 15, 2019 to draft an amended proposed scheduling order, which was to be filed by May 29, 2019.

*Id.* at 2.  On May 29, defendant again filed a proposed scheduling order with no input from plaintiff.  Docket No. 17.  Defendant stated that the parties conferred on May 14, 2019 to discuss the scheduling order and, after the meeting, defense counsel sent a proposed scheduling order to plaintiff's counsel and highlighted portions to be edited by plaintiff.  *Id.* at 4.  Plaintiff did not respond.  *Id.*  The magistrate judge then vacated the June 5 hearing, Docket No. 18, and now recommends that this case be dismissed with prejudice due to plaintiff's failure to comply with multiple court orders.  Docket No. 19 at 5.

## II. STANDARD OF REVIEW

"The Court will 'determine de novo any part of the magistrate judge's disposition that has been properly objected to' by plaintiff."  *Turner v. Falk*, No. 13-cv-02957-PAB-MJW, 2014 WL 7451698, at *1 (D. Colo. Dec. 31, 2014) (citing Fed. R. Civ. P. 72(b)(3)).  "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court."  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III. ANALYSIS

Plaintiff objects to the magistrate judge's recommendation on the grounds that merits decisions are generally favored and that dismissal is too harsh a sanction for this case.  Docket No. 20 at 1-2, ¶¶ 4, 6.  She states that any missed deadlines "were a result of administrative error and were short in duration," that she has "repeatedly engaged with the Court and defense counsel and has not constructively abandoned the case," and that, prior to the magistrate judge's recommendation, she "never received

3

warning that the case would be subject to dismissal for failure to prosecute." *Id.* at 2-3, ¶¶ 7-9. She also asserts that defendant will not suffer any prejudice should the Court permit this case to proceed on the merits. *Id.* at 3, ¶ 9. Finally, plaintiff argues that no sanction is warranted because "administrative errors . . . are not grounds for sanctions against attorneys." *Id.*, ¶ 11. The Court will first address plaintiff's arguments and then determine what sanction, if any, is proper under *Ehrenhaus*.

The Court finds plaintiff's arguments conclusory and not credible. Plaintiff argues that "any deadlines missed were a result of administrative error and were short in duration." *Id.* at 2, ¶ 7. Plaintiff filed this lawsuit on February 17, 2019, Docket No. 1, and failed to confer with counsel until May 14, 2019. *See* Docket Nos. 9 at 1; 10 at 4; 17 at 4. Because of this, plaintiff missed her filing deadlines for the magistrate judge consent notice and the proposed scheduling order. *See* Docket Nos. 9 and 10. Plaintiff then filed a motion for leave to appear at the May 13 scheduling conference by telephone, indicating that plaintiff was aware that this conference was scheduled for May 13 at 9:00 a.m. Docket No. 13 at 1 ("Plaintiff . . . moves this Court to allow Richard Liebowitz to appear by telephone at the May 13, 2019 at 9am. [sic] Scheduling Conference."). Plaintiff failed to appear at this conference and the magistrate judge's subsequent attempts to contact plaintiff were unsuccessful. Docket No. 16 at 1. Further, after then being warned that dismissal was a potential sanction in this case, plaintiff missed her deadline to file the amended proposed scheduling order. Docket No. 17.

Plaintiff has offered no explanation as to why these missed deadlines were mere

4

"administrative errors," and the Court is not convinced that these missed deadlines were mere excusable mistakes. Further, the Court does not find that plaintiff's filing of a motion to appear by telephone and conferring once with defense counsel, after being ordered to do so by the magistrate judge, amounts to plaintiff "repeatedly engag[ing] with the Court and defense counsel," particularly when viewed in light of the numerous other times that plaintiff failed to engage in this case.

Moreover, plaintiff's contention that she was never warned that dismissal was a possible sanction is plainly contradicted by the record. After plaintiff failed to appear at the May 13 scheduling conference, the magistrate judge, in the courtroom minutes, warned plaintiff "that dismissal of the case with prejudice is a possibility for failure to participate in the case." Docket No. 16 at 1. The Court is also not convinced by plaintiff's argument that defendant will not suffer any prejudice if the Court allows this case to go forward on the merits. Plaintiff has repeatedly missed deadlines even in the early stages of this case. Further, plaintiff's failure to take responsibility for those missed deadlines, or to acknowledge her errors, indicates that it is probable that plaintiff will continue to violate court orders if this litigation were to proceed.

Finally, plaintiff argues that not only should this case not be dismissed, but that no sanctions are warranted because her multiple failures to obey court orders in this case were mere "administrative errors." Docket No. 20 at 3, ¶ 11. Plaintiff provides no explanation of what she considers an "administrative error" to be and cites no Tenth Circuit authority or case from this district to support the proposition that an

5

"administrative error" does not merit sanctions or dismissal.[1]  In fact, repeated failure to comply with court orders is proper grounds for dismissal of a case.  *See Olvera v. Douglas County Deputy Sheriff OSN 1520*, No. 16-cv-02419-PAB-KLM, 2018 WL 2382319, at *2 (D. Colo. May 25, 2018) ("Dismissal with prejudice is warranted because of plaintiff's repeated failures to comply with court orders and deadlines.").

The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or . . . fails to obey a scheduling or pretrial order."  Fed. R. Civ. P. 16(f).  Sanctions for either violation may include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).

Under *Ehrenhaus*, before choosing dismissal as a sanction, a court should consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; . . . and (5) the efficacy of lesser sanctions."  *Ehrenhaus,* 965 F.2d at 920-21 (internal citations omitted).  The magistrate judge

---

[1]Further, the case that plaintiff cites in support, *In re Sutter*, 543 F.2d 1030 (2d Cir. 1976), is unhelpful to her position.  In that case, the Second Circuit upheld a $1,500 fine assessed to an attorney who had acted "recklessly" by failing to inform the court of a potential conflict in the scheduling of his criminal trials, which resulted in one trial being delayed three days. *Id.* at 1032.  In upholding the sanction, the court stated that the professional rules "require[] of attorneys at least a reasonable degree of attentiveness to their responsibilities to the court." *Id.* at 1035.  Plaintiff's counsel's failure to comply with at least three court orders in a span of four months cannot be described as reasonably attentive to his responsibilities to the court.

determined that, balancing these factors, dismissal of the case is appropriate.

The Court agrees that dismissal is warranted here. First, defendant has been prejudiced by plaintiff's behavior, as defendant has had to file two scheduling orders, attend a scheduling conference at which plaintiff failed to appear, and attempt to confer with plaintiff to prepare a scheduling order, only to have plaintiff once again be unresponsive. *See Harrington v. Ozark Waffle Inc.*, No. 16-cv-01236-MJW, 2017 WL 6551193, at *3 (D. Colo. Oct. 19, 2017) ("Defendant has been prejudiced by having to expend resources trying to move forward a case that was initiated by Plaintiff."). Plaintiff's behavior has also interfered with the judicial process. Though this case is in its early stages, plaintiff's behavior has already prejudiced defendant and inconvenienced the court, as the magistrate judge has undertaken multiple efforts in an attempt to get plaintiff to comply with her orders. *See Steckel v. Doe*, No. 08-cv-01652-LTB-CBS, 2009 WL 1174479, at *2 (D. Colo. Apr. 29, 2009) ("Judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action.").

The Court also finds that plaintiff is culpable, as her failure to comply with multiple deadlines and court orders evidences not an administrative error, but a pattern of disrespect for the magistrate judge's authority. Further, plaintiff's lack of respect for the judicial process indicates that any lesser sanction would have little to no effect. Plaintiff's counsel has previously been sanctioned in another district for similar behavior, which clearly has had no deterrent effect. *See Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1136113, at *3 (S.D.N.Y. Feb. 28, 2018), vacated in part on reconsideration by *Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1363497 (S.D.N.Y. Mar. 15, 2018) ("Mr. Liebowitz's claim that his failure to serve [defendant] with

the Notice of Pretrial Conference was 'inadvertent' and an 'honest mistake' is unpersuasive given his prior practice before this Court and in this district."). Under these circumstances, no lesser sanction is appropriate and dismissal is the proper result.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 19] is **ACCEPTED**. It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that each party shall bear its own costs. It is further

**ORDERED** that this case is closed.

DATED July 3, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge